1
2
3
4
5
6
7

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SIDNEY THEODORE SCARLETT,

Plaintiff,

v.

AMIR REZA ALEMZADEH,

Defendant.

Case No. 19-CV-07466-LHK

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Re: Dkt. No. 11

Plaintiff Sidney Theodore Scarlett ("Scarlett") filed this *pro se* civil rights complaint against Defendant Amir Reza Alemzadeh ("Defendant" or "Alemzadeh") and alleged violations of Scarlett's constitutional rights under the Fourth Amendment and *Brady v. Maryland*, 373 U.S. 83 (1963).  ECF No. 1 ("Compl.").  Because the Complaint alleges constitutional violations that would affect a pending California criminal action against Scarlett, the Court DISMISSES without prejudice Scarlett's claim for injunctive and declaratory relief.

**I.       BACKGROUND**

Scarlett, proceeding *pro se*, alleges that in February 2015, he was unlawfully arrested and his residence was illegally searched without a search warrant in violation of the Fourth Amendment.  Compl. at 10.  Scarlett's subsequent criminal prosecution—"felony complaint

1

United States District Court
Northern District of California

1   C1503585" or the "California Criminal Action"—is currently pending with a hearing set for

2   August 2020.  Compl. at 10.  The Court takes judicial notice of the docket in the California

3   Criminal Action.  Courts "may take notice of proceedings in other courts, both within and without

4   the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United*

5   *States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *see also Doe v. SuccessfulMatch.com*, 70 F.

6   Supp. 3d 1066, 1073 n.2 (N.D. Cal. 2014) (same) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1225

7   (9th Cir. 2007)).

8       In the instant federal action, Scarlett claims that Alemzadeh, a deputy district attorney in

9   the Santa Clara County District Attorney's Office, "refuses to produce the '4th Amendment

10  Warrant' concerning felony complaint C1503585."  *Id*. at 4.  Scarlett clarifies that his claim is

11  predicated on Alemzadeh's "continued refusal to provide discovery including all exculpatory

12  . . . evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963)" in his pending criminal

13  matter concerning "felony complaint C1503585."  *Id*.  On this basis, Scarlett alleges a cause of

14  action under the federal Administrative Procedure Act, 5 U.S.C. § 702, and seeks a declaration

15  that "[t]here is no valid 4th Amendment Warrant" and that "there is no Jurisdiction . . . to move

16  lawfully . . . concerning felony complaint C1503585."  *Id*.; *see id*. at 1 (seeking relief "other than

17  money damages but for the review and determination on Due Process and Civil Rights per 4th

18  Amendment Warrant").

19      Scarlett filed the instant complaint on November 13, 2019.  *Id*.  On January 24, 2020,

20  Alemzadeh filed a motion to dismiss and argued that 5 U.S.C. § 702 only applies to federal

21  agencies and that, in any event, Scarlett's claims against Defendant are barred by prosecutorial

22  immunity.[1]  ECF No. 11 at 5–6 ("Mot.").  On March 9, 2020, Scarlett filed an opposition to

23

24  [1] "Prosecutorial immunity only protects the defendants from section 1983 damage claims; it does
    not protect them from suits for injunctive relief."  *Gobel v. Maricopa County*, 867 F.2d 1201, 1203
25  n.6 (9th Cir. 1989), *abrogated on other grounds by Merritt v. County of Los Angeles*, 875 F.2d 765
    (9th Cir. 1989) (citing *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*,
26  446 U.S. 719, 736–37 (1980)); *Supreme Court of Virginia*, 446 U.S. at 736 (noting that
    "prosecutors enjoy absolute immunity from damages liability, but they are natural targets for
27  § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are
    enforcing the law").  Here, Plaintiff seeks only declaratory and injunctive relief.  *See* Compl. at 1

28
    Case No. 19-CV-07466-LHK
    ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

1    Alemzadeh's motion to dismiss.  ECF No. 18 ("Opp.").  However, Scarlett called his opposition

2    an "Opposition and Motion to Strike Defendant's Motion to Dismiss."  *Id*.  The Court construes

3    Scarlett's opposition as an opposition to Alemzadeh's motion to dismiss and DENIES Scarlett's

4    motion to strike as unmeritorious.  On March 16, 2020, Alemzadeh filed a reply.  ECF No. 19

5    ("Reply").

6    **II.      DISCUSSION**

7            As an initial matter, Scarlett seeks to pursue his constitutional claims against Alemzadeh

8    under the federal Administrative Procedure Act ("APA"), 5 U.S.C. § 702.  Compl. at 4.  However,

9    "[a]ctions under the APA may be brought only against federal agencies."  *Shell Gulf of Mexico*

10   *Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) (citing *City of Rohnert*

11   *Park v. Harris,* 601 F.2d 1040, 1048 (9th Cir. 1979)).  Insofar as Scarlett challenges Defendant

12   Alemzadeh's actions in his capacity as a deputy district attorney in the Santa Clara County District

13   Attorney's Office, which is not a federal agency, the APA "does not confer jurisdiction on this

14   Court to review the actions of state, county or municipal agencies or their employees."  *Alexander*

15   *v. Oakland Cty. Friend of the Court*, No. 13-11908, 2013 WL 2319477, at *2 (E.D. Mich. May 28,

16   2013) (citing *City of Rohnert Park*, 601 F.2d at 1048, and *Gibson & Perin Co. v. City of*

17   *Cincinnati*, 480 F.2d 936, 940 (6th Cir. 1973)).

18           Nonetheless, mindful that courts must "construe pro se filings liberally when evaluating

19   them," the Court concludes that Scarlett seeks to bring a 42 U.S.C. § 1983 claim against

20   Defendant for allegedly violating Scarlett's constitutional rights under the Fourth Amendment and

21   *Brady v. Maryland.  See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, as the

22   Complaint alleges, Scarlett is seeking injunctive and declaratory relief for Alemzadeh's alleged

23   refusal "to produce the '4th Amendment Warrant'" and "continued refusal to provide discovery

24

25   _____

     (seeking relief "other than money damages but for the review and determination on Due Process
26   and Civil Rights per 4th Amendment Warrant"); *id.* at 4 (specifically requesting declaration that
     "Defendants are without jurisdiction . . . on [Scarlett's] initial arrest," that "[t]here is no valid 4th
27   Amendment Warrant," and that "there is no Jurisdiction . . . to move lawfully . . . concerning
     felony complaint C1503585").

28
                                                        3

1    including all exculpatory . . . evidence in violation of *Brady*" in Scarlett's pending criminal matter

2    regarding "felony complaint C1503585." Compl. at 4–5. Indeed, Alemzadeh also acknowledges

3    that the instant case is "related to [Scarlett's] currently pending criminal proceeding." Reply at 1;

4    *see also* Mot. at 5 (noting Scarlett's criminal case "is still pending").

5         As a result, the Court considers whether *Younger* abstention applies to Scarlett's request

6    for injunctive and declaratory relief under the Fourth Amendment and *Brady v. Maryland*. *See*

7    *Younger v. Harris*, 401 U.S. 37 (1971). It is well-settled that a court may raise abstention sua

8    sponte. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (noting that abstention is

9    "rooted in overlapping principles of equity, comity, and federalism," and may be raised sua

10   sponte; but finding abstention was unnecessary where a criminal prosecution could continue

11   "unimpeded"); *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) (noting

12   abstention may be raised sua sponte); *Bellotti v. Baird*, 428 U.S. 132, 143 (1976) ("Indeed, it

13   would appear that abstention may be raised by the court [s]ua sponte.").

14        For the following reasons, the Court concludes that *Younger* abstention requires the

15   dismissal of Scarlett's claims for injunctive and declaratory relief.

16   **A.  *Younger* Abstention**

17        *Younger* abstention "is a jurisprudential doctrine rooted in overlapping principles of equity,

18   comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm.*

19   *v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Under *Younger*, a federal court should

20   not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief

21   absent extraordinary circumstances. *See Younger*, 401 U.S. at 43–54.

22        Under Ninth Circuit precedent, *Younger* abstention applies if the four *Middlesex* factors are

23   met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state

24   interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the

25   state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical

26   effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger*

27   disapproves." *SJSVCCPAC*, 546 F.3d at 1092. In the event that the *Middlesex* factors are met,

28

4

United States District Court
Northern District of California

1    abstention is mandatory. *See, e.g.*, *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005)

2    (explaining that "*Younger* abstention imposes mandatory limits on the federal courts' ability to

3    exercise jurisdiction").

4           In the instant case, as explained below, the Court holds that all four requirements are met.

### 1.  A State-Initiated Proceeding Is Ongoing

6           In assessing whether *Younger* abstention applies, the Court first asks whether there are

7    ongoing state judicial proceedings. *See Middlesex Cty.*, 457 U.S. at 432 (articulating the *Younger*

8    factors).  As noted above, the Complaint alleges that Scarlett is seeking injunctive and declaratory

9    relief for Alemzadeh's alleged refusal "to produce the '4th Amendment Warrant'" and "continued

10   refusal to provide discovery including all exculpatory . . . evidence in violation of *Brady v.*

11   *Maryland*, 373 U.S. 83 (1963)" in his pending criminal matter concerning "felony complaint

12   C1503585." Compl. at 4–5.  The docket for "felony complaint C1503585" is open and shows a

13   hearing set for August 2020.  Furthermore, Defendant agrees Scarlett's criminal case "is still

14   pending." Mot. at 5; *see also* Reply at 1 (noting that the instant case is "related to [Scarlett's]

15   currently pending criminal proceeding").  Accordingly, the first *Middlesex* factor is satisfied.

### 2.  The State Proceeding Implicates Important State Interests

17          Second, in order for *Younger* abstention to apply, the ongoing state proceeding must also

18   implicate "important state interests." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en

19   banc).  The importance of a state's interest "is measured by considering its significance broadly,

20   rather than by focusing on the state's interest in the resolution of an individual case." *Baffert v.*

21   *Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003).

22          Here, the "state proceeding" at issue is Scarlett's California Criminal Action regarding

23   "felony complaint C1503585." Compl. at 4.  Federal courts have recognized that California has an

24   important interest in enforcing its criminal laws and maintaining the integrity of its criminal

25   proceedings. *See Nichols v. Brown*, 945 F. Supp. 2d 1079, 1096 (C.D. Cal. 2013) ("Where the

26   state is in an enforcement posture in the state proceedings, the 'important state interest'

27   requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is

28

Case No. 19-CV-07466-LHK
ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

presumptively at stake"); *see also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44–45).

Because a criminal proceeding against Scarlett is ongoing in the California Criminal Action concerning "felony complaint C1503585," important California interests are implicated. Accordingly, the second *Younger* factor is met.

### 3. Scarlett Is Not Barred From Litigating Federal Constitutional Issues In The State Proceeding

Third, the Court must determine whether Scarlett has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty.*, 457 U.S. at 432. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citing *Middlesex*, 457 U.S. at 432). "[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Generally speaking, then, *Younger* "presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

Here, this factor is satisfied because there is no basis to conclude that Scarlett could not raise his federal claims in the California Criminal Action. Indeed, Scarlett's claim that Alemzadeh violated Scarlett's Fourth Amendment and due process rights by refusing to turn over a search warrant and exculpatory evidence is directly relevant and most properly raised in his underlying California Criminal Action, where the California state court can provide the appropriate relief. *See, e.g.*, *Rivas v. Cal. Highway Patrol*, No. 15-CV-03001-MMM, 2015 WL 4040596, at *5 (holding that the third *Younger* factor was satisfied because "whether defendants unlawfully seized, i.e., arrested/detained Rivas directly impacts the state's ability to prove its case" and there

Case No. 19-CV-07466-LHK
ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

1    were no allegations that Rivas "would be barred from raising his federal claims in the state

2    proceedings") (collecting cases).

3          Moreover, Scarlett is represented by counsel in his California Criminal Action.  *See* Dkt.,

4    Case No. C1503585 (Santa Clara Cty. Super. Ct., accessed June 29, 2020) (identifying Public

5    Defender Goldman as Scarlett's counsel).  Because Scarlett has the assistance of counsel in the

6    California Criminal Action, Scarlett's opportunity to raise federal constitutional claims is

7    meaningful.  As a result, the third *Younger* factor is met.

8          **4.   The Instant Federal Action Would Enjoin the State Court Proceeding Or Have
              The Practical Effect Of Doing So**

9

10         Finally, the Court must determine whether the requested relief in the instant action would

11   "enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink*

12   *Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).  Under

13   Ninth Circuit case law, "'direct interference' is not required as a precondition for *Younger*

14   abstention." *Gilbertson*, 381 F.3d at 978.

15         As noted above, Scarlett alleges that Alemzadeh, in his capacity as a deputy district

16   attorney in the Santa Clara County District Attorney's Office, "refuses to produce the '4th

17   Amendment Warrant' concerning felony complaint C1503585." *Id*. at 4.  Scarlett clarifies that his

18   claim is also predicated on Alemzadeh's "continued refusal to provide discovery including all

19   exculpatory . . . evidence in violation of *Brady v. Maryland*" in his pending criminal matter

20   concerning "felony complaint C1503585." *Id*.  On this basis, Scarlett seeks a declaration that

21   "[t]here is no valid 4th Amendment Warrant" and that "there is no Jurisdiction . . . to move

22   lawfully . . . concerning felony complaint C1503585."  Compl. at 4.

23         In other words, Scarlett asks the Court to hold that the warrantless search of Scarlett's

24   residence, Scarlett's warrantless arrest, and Alemzadeh's alleged refusal to turn over exculpatory

25   evidence require enjoining Scarlett's ongoing criminal proceeding in "felony complaint

26   C1503585." *Id*. (arguing that "Defendants are without jurisdiction . . . on [Scarlett's] initial

27   arrest," that "[t]here is no valid 4th Amendment Warrant," and that "there is no Jurisdiction . . . to

28

Case No. 19-CV-07466-LHK
ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

United States District Court
Northern District of California

1   move lawfully . . . concerning felony complaint C1503585").  "This represents the very paradigm

2   of interference with an ongoing state proceeding that *Younger* abstention is designed to prevent."

3   *Joseph v. City of San Jose*, No. 19-CV-01294-LHK, 2020 WL 1031899, at *15 (N.D. Cal. Mar. 3,

4   2020); *see also Gilbertson*, 381 F.3d at 975 (explaining that "federal courts should almost never

5   enjoin state criminal proceedings; federal courts should also refrain from exercising jurisdiction in

6   actions for declaratory relief because declaratory relief has the same practical impact as injunctive

7   relief on a pending state proceeding as a result of the preclusive effect of the federal court

8   judgment").  Accordingly, the Court holds that the fourth factor is also satisfied.

9        In light of the foregoing analysis, all four factors apply to Scarlett's claims for injunctive

10  and declaratory relief under the Fourth Amendment and *Brady v. Maryland*.  Therefore, under

11  *Younger*, the Court is required to abstain from conclusively adjudicating these claims.  However,

12  "[i]f state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary

13  circumstances exist, the district court may exercise jurisdiction even when the criteria for *Younger*

14  *abstention are met*."  *Baffert*, 332 F.3d at 632.  Accordingly, the Court must also address the

15  question of whether any exception to *Younger* applies such that the Court may nevertheless opt to

16  exercise jurisdiction.

17      ### 5.  No Exception to *Younger* Abstention Applies

18       In rare cases, a district court may exercise jurisdiction even when *Younger* abstention

19  would otherwise be warranted.  The United States Supreme Court has explained that "[o]nly in

20  cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope

21  of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable

22  injury can be shown is federal injunctive relief appropriate."  *Perez v. Ledesma*, 401 U.S. 82, 85

23  (1971).  "[T]he bad-faith and harassment exceptions to *Younger* abstention are narrow."  *Hason v.*

24  *Superior Court*, No. 14-CV-8446-SVW (JPR), 2015 WL 10607561, at *4 (C.D. Cal. Dec. 18,

25  2015).  A plaintiff must provide something more than conclusory allegations that the state

26  proceeding is the product of bad faith or harassment.  *See, e.g.*, *Anderson v. McKim*, No. 14-CV-

27  4463-EMC, 2015 WL 831227, at *4 (N.D. Cal. Feb. 23, 2015) (applying *Younger* abstention when

28

Case No. 19-CV-07466-LHK
ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

United States District Court
Northern District of California

1  petitioner did "not make any plausible non-conclusory allegation of irreparable harm, bad faith,

2  harassment, or bias of the tribunal").  Moreover, "a claim of constitutional error during the

3  ongoing state proceeding, by itself, is insufficient to invoke an exception to *Younger* abstention."

4  *Bautista v. California*, No. 16-CV-07068 PSG (AFM), 2016 WL 5661861, at *2 (C.D. Cal. Sept.

5  28, 2016).

6      Here, Scarlett's allegations do not invoke an exception to *Younger* abstention.  For

7  example, the Court construes Scarlett's *pro se* opposition brief liberally and notes that Scarlett

8  argues that during plea negotiations with Alemzadeh, Scarlett's then-attorney asserted that the

9  issues in his California Criminal Action are issues "of technicalities rather than guilt or

10  innocence."  Opp. at 7.  Scarlett's criminal defense attorney's vague conclusory statement during

11  plea negotiations fails to make any plausible non-conclusory allegation that the state proceeding is

12  the product of bad faith or harassment and is insufficient to satisfy the high threshold to make the

13  instant case an "extraordinary circumstance" in which abstention is inappropriate.  *See, e.g.*,

14  *Kihagi v. Francisco*, No. 15-CV-01168-KAW, 2016 WL 5682575, at *4 (N.D. Cal. Oct. 3, 2016)

15  ("Evidence of bad-faith harassment must be more than multiple prosecutions, must be more than

16  conclusory statements about motive, must be more than a weak claim of selective prosecution, and

17  must be more than the prosecution of close cases." (internal quotation marks omitted)); *Hason*,

18  2015 WL 10607561, at *4 (explaining that bad-faith and harassment exceptions to *Younger*

19  abstention "require more than mere conclusory allegations, . . . which is all Petitioner has

20  provided").

21      Moreover, Scarlett has not demonstrated that he will suffer "irreparable injury" absent

22  immediate federal intervention.  *Ledesma*, 401 U.S. at 85.  In order to show irreparable injury, "a

23  plaintiff must be facing an irreparable injury that is both 'great' and 'immediate.'"  *Choudhry v.*

24  *Regents of the Univ. of Cal.*, No. 16-CV-05281-RS, 2016 WL 6611067, at *7 (N.D. Cal. Nov. 9,

25  2016).  In the instant case, there is no indication that any threatened injury to Scarlett is

26  "immediate."

27      Accordingly, the Court concludes that no exception to *Younger* abstention exists to permit

28  

9

Case No. 19-CV-07466-LHK
ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

United States District Court
Northern District of California

the Court to exercise federal jurisdiction.  The Court therefore finally turns to the impact of *Younger* abstention in the instant case.

### 6.  Application of *Younger* To The Instant Case

The Ninth Circuit has explained that the application of *Younger* abstention depends on the nature of a plaintiff's claims.  Specifically, "when a court abstains under *Younger*, claims for injunctive and declaratory relief are typically dismissed."  *Herrera v. City of Palmdale*, 918 F.3d 1037, 1042 (9th Cir. 2019).  However, the Ninth Circuit "has also recognized that, when a district court abstains from considering a *damages* claim under *Younger*, it must *stay*—rather than dismiss—the damages action until state proceedings conclude."  *Id.*

As noted, in the instant case, Scarlett only brings claims for injunctive and declaratory relief.  Compl. at 1 (seeking relief "other than money damages but for the review and determination on Due Process and Civil Rights per 4th Amendment Warrant"); *id*. at 4 (specifically requesting declaration that "Defendants are without jurisdiction . . . on [Scarlett's] initial arrest," that "[t]here is no valid 4th Amendment Warrant," and that "there is no Jurisdiction . . . to move lawfully . . . concerning felony complaint C1503585").  Accordingly, in light of the foregoing Ninth Circuit case law, the Court DISMISSES Scarlett's Complaint WITHOUT PREJUDICE.

## III.    CONCLUSION

For the foregoing reasons, the Court DISMISSES Scarlett's claims for equitable and declaratory relief WITHOUT PREJUDICE.  Following the final disposition of Scarlett's California Criminal Action involving "felony complaint C1503585" (including all appeals), Scarlett may bring suit and seek relief for any alleged violations of his Fourth Amendment and due process rights.

**IT IS SO ORDERED.**

Dated: July 2, 2020

LUCY H. KOH
United States District Judge

Case No. 19-CV-07466-LHK
ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE